IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>SELLIS ENTERPRISES, INC. d/b/a ROCKY VANDERS CAFE & BAR, an Illinois corporation and SUSAN SELLIS, an individual.<br>    Defendants. | CASE NO.: 13-cv-8070<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Daniel G. Martin |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

SLEP-TONE ENTERTAINMENT CORPORATION ("Slep-Tone"), by its undersigned counsel, moves for entry of an order denying the motion to dismiss filed by the Defendants, Sellis Enterprises, Inc. d/b/a Rocky Vanders Cafe & Bar and Susan Sellis (collectively, the "Defendants") and in support states follows:

**I.    Introduction**

The Defendants' motion to dismiss is nothing more than a recycling of losing arguments made by unsuccessful defendants around the country in other cases brought by Slep-Tone Entertainment Corporation ("Slep-Tone") for trademark infringement against defendants like Rocky Vanders Cafe & Bar and Susan Sellis. Specifically, The Defendants' entire motion to dismiss somehow assumes that Slep-Tone has brought claims or should have brought claims for copyright infringement, which is patently untrue and is a fact that has been

1

made abundantly clear by Courts and Slep-Tone in other cases litigated by the defendants' counsel against Slep-Tone in this District.

The Defendants first argue that *Dastar v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003), and its progeny demand dismissal of this case. because Slep-Tone's claims are based upon unlawful conduct that is "traditionally within the bounds of copyright law." See Doc. 51 at p. 2. In other words, the defendants are essentially arguing that Slep-Tone should have sued them for copyright infringement.

***However, as Judge Feinerman and Judge Lefkow have recently and aptly pointed out***, *Dastar* actually supports Slep-Tone's trademark claims. *See Slep-Tone Entm't Corp. v. Coyne,* 2014 U.S. Dist. LEXIS 63393 (N.D. Ill. May 8, 2014) ("*Dastar* actually reinforces Slep-Tone's decision to file a trademark claim rather than a copyright claim") (Feinerman, J.). *See also Slep-Tone Entm't Corp. v. Elwood Enters., Inc.,* 2014 U.S. Dist. LEXIS 54872 (N.D. Ill. Apr. 21, 2014 ("regardless of the copyright status of these videos, Slep-Tone alleges facts about the misuse of its trademark on products it did not create, namely because Slep-Tone's registered trade dress and trademark appear on [the KJ's tracks]. These are cognizable claims under the Lanham Act.") (Lefkow, J.), *citing Expressway Music, Inc. v. Slep-Tone Entm't Corp.*, 2013 U.S. Dist. LEXIS 136788, 2013 WL 5345969, at *3 (S.D.N.Y. 2013).

The defendants then vaguely assert other arguments again rooted in the idea that copyright law somehow bars each of Slep-Tone's well-pled trademark claims, arguments that have failed over and over again (both in this District and elsewhere). At the end of the day, this is a case about the defendants' unlawful display of Slep-Tone's trademarks.

Finally, Slep-Tone's claim under Illinois Deceptive Trade Practices Act (UDTPA) has been adequately pled.

## II. Legal Standard

In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). "We give the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010). The pleading rules are meant to "ensure that claims are determined on their merits rather than on pleading technicalities." *Id*.

## III. Argument

**A. It is Well Settled That Slep-Tone's Complaint Is Not Barred By *Dastar*.**

Defendants contend that *Dastar*, 539 U.S. at 23, defeats Slep-Tone's trademark infringement claim. According to the defendants, *Dastar* holds that "[i]t would have been a misuse of the Lanham Act to do as the [plaintiff] wanted, because that application would have 'create[d] a species of mutant copyright law,'" which means that "impermissibly asserts [trademark] infringement of marks which are inherent parts of copyrightable works." *See* Doc. 51 at p.9. This argument is based upon a misreading of *Dastar*.

As clearly explained by Judge Feinerman in *Slep-Tone v. Coyne*, the plaintiff in *Dastar*, Twentieth Century Fox ("Fox"), acquired exclusive television rights to a book

3

entitled "Crusade in Europe." 539 U.S. at 25-26. Fox then commissioned the production of a television series, also called "Crusade in Europe", based on the aforementioned book. *Id*. at 26. Fox's copyright in the television series expired in 1977, leaving it to the public domain. In 1988, Fox reacquired the copyright in the television series and granted two companies exclusive rights to restore, repackage, and distribute the "Crusade in Europe" video series. *Id*. In 1995, the defendant, Dastar Corporation, released a video series entitled "World War II Campaigns in Europe." *Id*. Dastar made the videos by purchasing tapes of the original version of the "Crusade in Europe" television series, which were in the public domain. Dastar edited and repackaged the "Crusade in Europe" television series, and in doing so failed to properly credit the "Crusade in Europe" television series.

The question presented was whether Dastar's failure to properly credit the Crusade in Europe television series violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which provides a federal remedy against anyone who uses in commerce "a false designation of origin" that is "likely to cause confusion … as to the origin … of his or her goods." 539 U.S. at 27. In ruling for the defendant Dastar, the Supreme Court held that "the Lanham Act does not prevent unaccredited copying of uncopyrighted work." *Id*. at 23. The Court refused to read the term "origin" in § 43(a) expansively to require attribution of uncopyrighted materials, noting that "[w]ithout a copyrighted work as the basepoint, the word 'origin' has no discernible limits," as the true "original" creator of the material used in the Campaigns in Europe and Crusade in Europe videos would not be Fox, but perhaps the unidentified "Newsreel Pool Cameramen." *Id*. at 35. The Court determined that "origin of goods" instead "refers to the producer of the tangible goods that are offered for sale [the Campaigns in

4

Europe videos sold by Dastar], and not to the author of any idea, concept, or communication embodied in those goods." *Id*. at 37. The Supreme Court explained:

> Federal trademark law has no necessary relation to invention or discovery, but rather, by preventing competitors from copying a source-identifying mark, reduces the customer's costs of shopping and making purchasing decisions and helps assure a producer that it (and not an imitating competitor) will reap the financial reputation-related rewards associated with a desirable product.

*Id*. at 34. The Court posited that there would have been a Lanham Act violation where, "for example, … Dastar had simply copied the television series as Crusade in Europe and sold it as Crusade in Europe without changing the title or packaging (including the original credits to Fox)." *Id*. at 36. *See also Eastland Music Grp., LLC v. Lionsgate Entm't, Inc.*, 707 F.3d 869, 872 (7th Cir. 2013) ("*Dastar* tells us not to use trademark law to achieve what copyright law forbids. Only a confusion about origin supports a trademark claim, and 'origin' for this purpose means the 'producer of the tangible product sold in the marketplace.'").

This Court should find – like Judges Feinerman and Lefkow recently found – that the holding of *Dastar* is simply inapposite when applied to Slep-Tone's claims, as Slep-Tone has not alleged that the defendants engaged in the "unaccredited copying of uncopyrighted work." The underlying musical works that Slep-Tone modified and repackaged into accompaniment tracks are copyrighted, and Slep-Tone does not allege that these defendants (or any defendants in any of the *Slep-Tone* cases) failed to credit the original musicians and composers. Rather, Slep-Tone challenges the defendants' copying, usage and display of the Sound Choice mark without obtaining the requisite authorization from Slep-Tone.

To that end, Judge Feinerman was correct in concluding that "*Dastar* actually reinforces Slep-Tone's decision to file a trademark claim rather than a copyright claim. Like

5

Dastar, Slep-Tone is the "producer of the tangible goods that are offered for sale," and thus the "origin of goods" for purposes of the Lanham Act." *Coyne*, 2014 U.S. Dist. LEXIS 63393 at *29. Pursuant to § 1125(a), Slep-Tone alleges that Defendants copied, without alteration, Slep-Tone's "source-identifying mark" and used it in connection with their karaoke jockeying services, which is "likely to cause confusion … as to the origin … of [their] goods." *See* Amended Complaint ¶¶ 56-67, 71, 98-99, 104-105. The complaint makes clear that Slep-Tone is trying to enjoin the Defendants from unfairly "reap[ing] the financial, reputation-related rewards associated with a desirable product," conduct that the Lanham Act was designed to prevent. *See Slep-Tone Entm't Corp. v. Elwood Enters., Inc.*, 2014 WL 1612891, at *5 (N.D. Ill. Apr. 21, 2014) (holding that *Dastar* is distinguishable because "[t]here, the defendant took the plaintiff's product and, after altering it, put the defendant's own mark on it," whereas "[h]ere, [the defendant] contracted with [karaoke jockeys] who pass off inferior versions of Slep-Tone's products"); *Slep-Tone Entm't Corp. v. Shenanigans Lounge*, 2013 WL 1768444, at *3 (D. Or. 2013) (reasoning that Slep-Tone "is not alleging confusion as to the identity of the author of the karaoke tracks in dispute," and "[r]ather, … alleges that its trademark has been affixed to a product that defendants are using to generate customers and revenue—a product that is not plaintiff's product but a different 'media-shifted' or 'format-shifted' version of the product"); *Slep-Tone Entm't Corp. v. Arrowood*, 2011 WL 4482082, at *3 (S.D. Ohio 2011) (noting that Slep-Tone based its claims "on the confusion caused by the display of the Sound Choice marks").

      For all of these reasons, *Dastar* does not apply to thwart Slep-Tone's claims, and this Court should deny the Defendants' motion as a result.

**B. Slep-Tone Alleges That The Tracks At Issue Are NOT Made by Slep-Tone, But Are Rather Media-Shifted Duplicates of Slep-Tone's Original Accompaniment Tracks.**

Defendants contend that Slep-Tone's complaint should be dismissed because the accompaniment tracks played by the infringing karaoke jockey(s) were actually made by Slep-Tone. Defendants' argument misreads Slep-Tone's allegations. The complaint clearly avers that although a substantial portion of the content represented on the karaoke accompaniment tracks used to put on the karaoke shows was originally created by Slep-Tone, the actual karaoke tracks used by the karaoke operator(s) were not made by Slep-Tone because the karaoke operator(s) duplicated them from either an original or non-original source, or acquired the tracks from a third party who duplicated or derived them from an original or non-original source. *See* Amended Complaint ¶¶ 55-57. Simply put, the KJs are not using original tracks made my Slep-Tone, but rather using unlawful copies or duplicates of the original tracks without authorization or a license from Slep-Tone. *Id*. at ¶¶ 58, 98.

In any event, the bottom line is that the unauthorized use of the duplicated, non-genuine tracks displays the Sound Choice Marks and the Trade Dress without Slep-Tone's permission. *Id.* at ¶¶ 96, 98, 103. This is unquestionably infringement under the Lanham Act and the defendants should be held liable as a result.

For these reasons, Defendants argument fails and the motion to dismiss should be denied.

**C. Slep-Tone's Use Of The Term "Counterfeit" Rather Than Some Other Phrase, Such As "Unlawful Copying" Is Irrelevant At This Stage of Litigation.**

The defendants next argue that the Complaint should be dismissed as a result of an improper use of the term "counterfeit." Unquestionably, the Amended Complaint alleges that the defendants unlawfully displayed without consent Slep-Tone's trademarks, which were repeatedly displayed on karaoke systems that used illegally made duplicate versions of Slep-

Tone's karaoke tracks. *See* Amended Complaint ¶¶ 96, 103. If the Defendants unlawfully displayed Slep-Tone's trademarks, then they are subject to a violation of the Lanham Act; no Court anywhere in the country has ruled otherwise. Accordingly, this contention provides no basis to dismiss the case at this stage of the litigation (or ever).

In support of these arguments the Defendants rely exclusively upon *Microsoft Corp. v. Action Software*, 136 F. Supp. 2d 735 (N.D. Ohio 2001), a case where the District Court declined to enter a preliminary injunction based upon the fact that the plaintiff presented insufficient evidence that the defendant had actually sold any counterfeit software; the only evidence was a single sale years before – software that was never moved into evidence at the injunction hearing. Based on that record, the trial court denied the request for injunctive relief. While Slep-Tone concedes that footnote 2 of the opinion defines "counterfeit" properly as something which is "made in imitation with intent to deceive," this dicta frankly seems to support a denial of the Defendants' motion since Slep-Tone's complaint makes clear that the Defendants' use was made with the intent to deceive. *See* Amended Complaint ¶¶ 99-100, 104-105, 110-111.

Thus, the Defendants' argument here fails as well.

**D. The Alleged Wrongful Act Is Public Display Of Slep-Tone's Trademark**

Defendants incorrectly assert that Slep-Tone's claims are based upon the Defendants' public display of **an audiovisual work**. *See* Doc. 51 at p. 12. Once again, the Defendants are attempting to mask another copyright argument under *Dastar* into a different section of their motion. Slep-Tone's claims are (and have always been) based upon defendants around the country unlawfully displaying its trademark without consent or authorization, all in violation of the Lanham Act. *See* Amended Complaint ¶¶ 1-2, First Claim for Relief, Second Claim for Relief, Damages.

**E. The Complaint States A Plausible Federal Unfair Competition Claim.**

Defendants properly assert that "[w]hen trademark and unfair competition claims are based on the same infringing conduct, courts apply the same analysis to both claims." *See* Doc. 51 at p. 14. Defendants raise the same arguments regarding trademark infringement to support dismissal of the Plaintiff's unfair competition claim. For the reasons stated herein, *see supra*, their arguments are without merit and should be denied. Accordingly, the Plaintiff's federal unfair competition claim should not be dismissed.

**F. The Claim Has Been Adequately Pled.**

The UDTPA, 815 ILCS 510/2, makes it unlawful for one, in the course of his business, to among other things, pass off goods or services as those of another, cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, or cause a likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another. Slep-Tone's complaint successfully alleges facts satisfying the requisite elements of a claim under UDPTA. *See* Amended Complaint ¶¶ 65-86, 70-71, 120-122. *See also Best Vacuum, Inc. v. Ian Design, Inc.*, 2005 U.S. Dist. LEXIS 9794, at *18 (N.D. Ill. 2005) (Plaintiff sufficiently pleads a claim under the UDTPA by alleging intentional use of a confusing trade name in order to compete with plaintiff, which is unfair and deceptive and causes injury to Plaintiff).

Slep-Tone frankly does not fully comprehend the basis for the defendants' request for dismissing the UDPTA claim. To the extent the defendants are arguing that somehow federal copyright law preempts this UDPTA claim, Slep-Tone submits that it has not asserted any federal copyright claims, and thus this argument is applicable. If the defendants are instead arguing that the UDPTA claim should be dismissed for the same reasons that Slep-Tone's claims

under the Lanham Act should be dismissed, Slep-Tone reasserts its Lanham Act position here and urges this Court to dismiss the defendants' motion in its entirety.

IV. CONCLUSION

WHEREFORE Plaintiff Slep-Tone Entertainment Corporation seeks entry of an order denying the motion to dismiss filed by the Defendants, Sellis Enterprises, Inc. d/b/a Rocky Vanders Cafe & Bar and Susan Sellis and any other relief this Court deems just and proper.

Respectfully submitted this 14th day of November, 2014

/s/ Vivek Jayaram, Esq.

Vivek Jayaram, Esq.
Jayaram Law Group, Ltd.
33 N. LaSalle Street
Suite 2900
Chicago, IL 60602
vivek@jayaramlaw.com
Tel: 312.454.2859
Fax: 312.551.0322
Counsel for the Plaintiff

# CERTIFICATE OF SERVICE

   I, Vivek Jayaram, hereby certify that on November 14, 2014, I filed Plaintiff's Response in Opposition to Defendants' Motion to Dismiss the Complaint by using the Court's CM/ECF electronic filing service, which will serve the following attorneys of record electronically:

Matthew M. Saffar
The Law Offices of Matthew M. Saffar, LLC
800 E. Northwest Highway, Suite 1095
Palatine, IL 60074
Tel: (847)259-6647
saffarlaw@gmail.com
*Attorney for Defendants*

                   /s/ Vivek Jayaram, Esq.

                   Vivek Jayaram, Esq.
                   Jayaram Law Group, Ltd.
                   33 N. LaSalle Street
                   Suite 2900
                   Chicago, IL 60602
                   vivek@jayaramlaw.com
                   Tel: 312.454.2859
                   Fax: 312.551.0322
                   Counsel for the Plaintiff